IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| United States of America,            )<br>                                      )<br>         Plaintiff,                  )<br>                                      )<br>      vs.                             )<br>                                      )<br> David E. Ruskjer,                    )<br>                                      )<br>         Defendant.                  )<br>                                      ) | Crim. No. 09-00249 HG |

**ORDER DENYING DEFENDANT DAVID RUSKJER'S MOTION TO STRIKE SURPLUSAGE AND DISMISS COUNTS 18-20 FROM THE SUPERSEDING INDICTMENT AND MOTION IN LIMINE TO PRECLUDE REFERENCE TO THE TERM "PONZI SCHEME" AT TRIAL**

On July 22, 2009, a Superseding Indictment charged Defendant David Ruskjer with twelve counts of mail fraud in violation of 18 U.S.C. § 1341, five counts of wire fraud in violation of 18 U.S.C. § 1343, three counts of structuring transactions in violation of 31 U.S.C. § 5324(a)(3), (d)(2), and twenty-seven counts of money laundering in violation of 18 U.S.C. § 1957.  On July 19, 2011, Defendant David Ruskjer filed a Motion to Strike Surplusage and Dismiss Counts 18-20 from the Superseding Indictment.  On August 2, the Government filed an Opposition.  On August 10, 2011, Defendant filed a Reply in support of the Motion, and included in the Reply a Motion in Limine to Preclude Reference to the term "Ponzi scheme" at trial.  The Motion to Strike Surplusage and Dismiss Counts 18-20 from the Superseding Indictment is **DENIED**.  The Motion in Limine to Preclude Reference to the term "Ponzi scheme" at trial is **DENIED**.

1

## PROCEDURAL HISTORY

On June 24, 2009, a Superseding Indictment against Defendant David Ruskjer was filed. (Doc. 1).

On July 6, 2009, Defendant David Ruskjer entered a plea of not guilty. (Doc. 6).

On July 22, 2009, a Superseding Indictment was filed. (Doc. 12).

On July 19, 2011, Defendant filed a Motion to Strike Surplusage from the Superseding Indictment and Motion to Dismiss Counts 18-20. (Doc. 113).

On August 2, 2011, the Government filed an Opposition. (Doc. 116).

On August 10, 2011, Defendant filed a Reply in support of the Motion to Strike Surplusage from the Superseding Indictment and Motion to Dismiss Counts 18-20, and a Motion in Limine to preclude reference to the term "Ponzi scheme" at trial. (Doc. 123).

On August 23, 2011, a Final Pretrial Conference hearing was held, at which the Motions were heard. (Doc. 144).

## BACKGROUND

The Superseding Indictment (hereinafter "Indictment") alleges that Ruskjer devised a fraudulent investment scheme through which he obtained approximately $16 million from approximately 140 clients. (Doc. 12 at ¶ 12). According to the Indictment, Ruskjer

held himself out to clients as a successful investor in an options trading program that Ruskjer maintained with TD Ameritade. Ruskjer allegedly told clients that he had created a method to purchase and sell options that he called the "Spider" or "Robot," and that this method was the source of his trading program's success. (Id. at ¶¶ 4, 16). Ruskjer allegedly guaranteed clients that their investments in his program would return at least 3-5 percent in interest. (Id. at ¶ 22). The Indictment alleges that in reality Ruskjer's program sustained an average monthly loss of 5.8 percent. (Id. at ¶ 23). To maintain an illusion of profitability, Ruskjer allegedly paid earlier clients with monies obtained from later clients throughout the time that Ruskjer maintained the TD Ameritrade account. (Id. at ¶ 22). Ruskjer allegedly maintained the TD Ameritrade account from September 22, 2004 until December 11, 2008, when the bulk of the money remaining in the account was seized. (Id. at ¶ 13).

The Indictment alleges that Ruskjer further defrauded his clients by failing to invest all of the money he solicited from them into his TD Ameritrade account. According to the Indictment, Ruskjer initially deposited the $16 million he obtained from his clients into three First Hawaiian Bank accounts (hereinafter "FHB accounts"), with nearly all of it being deposited into a single account in Ruskjer's name. (Id. at ¶ 17). Of the $16 million, Ruskjer allegedly only actually deposited about $8 million into his

TD Ameritrade account. (Id. at ¶ 17). Without his clients' knowledge or consent, Ruskjer allegedly transferred over $1 million into the operation of several language translation companies that Ruskjer had developed: Jennl, Inc., Chennl, Inc. (or Cennl, Inc.), Echo Learn (or Echolearn), and Global Language Learning. (Id. at ¶¶ 6, 19). From September 4, 2004 through December 11, 2008, Ruskjer allegedly withdrew over $100,000 in cash and executed about $740,000 in debit and/or check card purchases from the FHB accounts. (Id. at ¶ 20). Ruskjer allegedly transferred $88,000 from the TD Ameritrade account to overseas bank accounts, and withdrew approximately $1,559,000 from the Ameritrade account, of which he returned about $1,387,000 to his FHB accounts. (Id. at ¶ 20). Using client funds, Ruskjer also allegedly purchased a $528,458.86 condominium on Kauai, a $29,000 Honda sedan, and two motorcycles for about $10,000. (Id. at ¶ 21).

The Indictment alleges that Ruskjer used various misrepresentations, false promises, and omissions to obtain funds from his clients. (Id. at ¶ 25). According to the Indictment, Ruskjer recruited individuals (or "finders") to locate funds to be invested into his program, who typically received an average of 1 percent of the funds they located. (Id. at ¶ 8). In August 2008, Ruskjer allegedly demonstrated his program to potential clients and to finders at the Ala Moana Hotel in Honolulu, Hawaii. During the presentation, the indictment alleges, a finder discussed why

Ruskjer's program was not a "Ponzi scheme." (Id. at ¶ 25f). The Indictment alleges that Ruskjer knew that his program was a "Ponzi scheme" - or an investment program in which early investors are paid with sums obtained from later ones in order to create the illusion of profitability. (Id. at ¶¶ 5, 25f).

Based on transactions allegedly entered into by Ruskjer in furtherance of his fraudulent investment scheme, he has been charged with twelve counts of mail fraud in violation of 18 U.S.C. § 1341, five counts of wire fraud in violation of 18 U.S.C. § 1343, three counts of structuring transactions in violation of 31 U.S.C. § 5324(a)(3), (d)(2), and twenty-seven counts of money laundering in violation of 18 U.S.C. § 1957. (Superseding Indictment (Doc. 12)).

**ANALYSIS**

Ruskjer Moves to Dismiss Counts 18-20.  He Moves to Strike the term "Ponzi scheme" from the Superseding Indictment as surplusage. Ruskjer also Moves in Limine to preclude reference to the term "Ponzi scheme" at trial.

**I.  Motion to Dismiss Counts 18-20**

Ruskjer moved to dismiss Counts 18-20, for structuring transactions in violation of 31 U.S.C. § 5324(a)(3), (d)(2)), on

the ground that the Indictment does not allege that he committed these crimes with willfulness. Ruskjer argued that the Supreme Court's ruling in Ratzlaf v. United States, 510 U.S. 135 (1994), requires that the government prove willfulness. In his Reply, however, Ruskjer concedes that the holding in Ratzlaf was superceded by statute on September 23, 1994. See 18 U.S.C. § 5324. Ruskjer **WITHDRAWS** the Motion to Dismiss Counts 18-20. The Motion to Dismiss Counts 18-20 is **DENIED** as moot.

**II.  Motion to Strike Surplusage from Superseding Indictment**

Ruskjer moves to strike the term "Ponzi scheme" from the Indictment on the ground that it is irrelevant and prejudicial surplusage. Federal Rule of Criminal Procedure 7(c) requires an indictment to be a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Pursuant to Federal Rule of Criminal Procedure 7(d), a defendant may move to strike surplusage from an indictment. The purpose of a Rule 7(d) motion is "'to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges.'" United States v. Laurienti, 611 F.3d 5530, 546-47 (9th Cir. 2010) (quoting United States v. Terrigno, 838 F.2d 371, 373 (9th Cir. 1988)).

The Indictment alleges that Ruskjer's investment program constituted a "Ponzi Scheme," which it defines as:

> . . . an investment program in which early investors are paid with sums obtained from later ones in order to create the illusion of profitability.

(Superseding Indictment at ¶¶ 5, 25f (Doc. 12)).  This definition does not differ in any material respects from definitions of "Ponzi scheme" provided by Black's Law Dictionary and by case law of the Ninth Circuit Court of Appeals.  Black's Law Dictionary defines a "Ponzi scheme" as:

> . . . a fraudulent scheme in which, rather than paying investors from investment income, initial investors are paid off with new contributions from additional investors.

Black's Law Dictionary 1198 (8th ed. 2004).  The Ninth Circuit Court of Appeals has defined the term "Ponzi scheme" as:

> . . . a financial fraud that induces investment by promising extremely high, risk-free returns, usually in a short time period, from an allegedly legitimate business venture.  The fraud consists of funnelling proceeds from the alleged business venture, thereby cultivating an illusion that a legitimate profit-making business opportunity exists and inducing further investment.

Donnell v. Kowell, 533 F.3d 762, 767 n.2 (9th Cir. 2008) (internal citation and quotation marks omitted).

Ruskjer has been charged with mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343.  The mail fraud statute, 18 U.S.C. § 1341, makes it a criminal offense to send mail for the purpose of executing a scheme to defraud or obtain money by false or fraudulent pretenses.  The wire fraud statute, 18 U.S.C. § 1343, makes it a criminal offense to send transmissions by wire, radio,

7

or television in interstate commerce for the purpose of executing a scheme to defraud or obtain money by false or fraudulent pretenses. The Indictment alleges that Ruskjer committed mail and wire fraud by sending mail and wire transmissions for the purpose of furthering a "Ponzi scheme."

The term "Ponzi scheme" indicates the nature of a key component of Ruskjer's alleged mail and wire fraud in a succinct fashion and is fundamentally relevant to his charges. It is a commonly used term that simply refers to a particular form of fraud, the very form that Ruskjer is alleged to have engaged in and which is therefore a central component of his mail and wire fraud charges. It is not prejudicial surplusage. See <u>United States v. Behrens</u>, 2010 WL 427784, at *3 (D. Neb. 2010) ("'Ponzi scheme' is a common term used in the financial world, and while evocative of recent headlines, merely describes the alleged conduct of the defendant in a succinct fashion. The term is not surplusage."); <u>United States v. Ruedlinger</u>, 1997 WL 752440, at *2 (D. Kan. 1997); <u>Marcusse v. United States</u>, 2011 WL 1211686, at *3 (W.D. Mich. 2011) ("A 'Ponzi scheme' is merely a lay-term used to describe a variety of fraud.")

Defendant's Motion to Strike Surplusage is **DENIED.**

**III. Motion In Limine to Preclude Reference to the Term "Ponzi Scheme" at Trial**

Ruskjer moves to preclude reference to the term "Ponzi scheme" at trial on the ground that the term is prejudicial, inflammatory, and not relevant. Federal Rule of Evidence 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The term "Ponzi scheme" is commonly used to refer to a fraudulent investment scheme in which early investors are paid with sums obtained from later ones. See Black's Law Dictionary 1198 (8th ed. 2004); Donnell v. Kowell, 533 F.3d 762, 767 n.2 (9th Cir. 2008); United States v. Behrens, 2010 WL 427784, at *3 (D. Neb. 2010). The Indictment alleges that Ruskjer committed mail and wire fraud by sending mail and wire transmissions in furtherance of a "Ponzi scheme." The term "Ponzi scheme" directly describes the underlying nature of Ruskjer's alleged criminal conduct and is fundamentally relevant to his mail and wire fraud charges. Ruskjer's alleged operation of a "Ponzi scheme" is a central component of his mail and wire fraud charges. The term merely describes the nature of Ruskjer's alleged fraudulent activity in a succinct fashion. It does not pose a danger of unfair prejudice or of misleading the jury.

Defendant's Motion in Limine to preclude reference to the term

"Ponzi scheme" at trial is **DENIED.**

## CONCLUSION

Defendant David Ruskjer's Motion to Dismiss Counts 18-20 (Doc. 113) is **DENIED** as moot.

Defendant David Ruskjer's Motion to Strike Surplusage (Doc. 113) is **DENIED.**

Defendant David Ruskjer's Motion in Limine to preclude reference to the term "Ponzi scheme" at trial (Doc. 123) is **DENIED.**

IT IS SO ORDERED.

DATED: August 29, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

*United States of America v. David E. Ruskjer*; Criminal No. 09-00249 HG; ORDER DENYING DEFENDANT DAVID RUSKJER'S MOTION TO STRIKE SURPLUSAGE AND DISMISS COUNTS 18-20 FROM THE SUPERSEDING INDICTMENT AND MOTION IN LIMINE TO PRECLUDE REFERENCE TO THE TERM "PONZI SCHEME" AT TRIAL.